## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Agreement") is executed as of the last date of the signatures below (the "Effective Date"), by and between by and between Mitchell Group USA LLC, Gapardis Health and Beauty, Inc., Mitchell Cosmetics, Inc., Choice of Nature Ltd., Beauty & Cosmetic Network Corp., and Beauty & New King, Inc.

WHEREAS Mitchell Group USA LLC, a Florida limited liability company with its principal place of business at 1 S.E. 3rd Avenue, Suite 1860, Miami, Florida 33131; and Gapardis Health and Beauty, Inc., a Florida corporation with its principal place of business at 6848 N.W. 77th Court, Miami, Florida 33166; Mitchell Cosmetics, Inc., a corporation organized under the laws of the Grenadines, having its principal place of business at 112 Bonadie Street, Kingstown, Grenadines; and Choice of Nature Ltd., a corporation organized under the laws of the United Kingdom, having its principal place of business in London, England (collectively, "MITCHELL"); are the ~~owners~~ holders of, among others, the following Federal and State Trademark Registrations:

| | |
|---|---|
| U.S. Trademark Reg. No. 3,440,165 | OMIC |
| U.S. Trademark Reg. No. 3,556,351 | OMIC PLUS |
| U.S. Trademark Reg. No. 3,108,357 | NEOPROSONE |
| U.S. Trademark Reg. No. 3,457,390 | LEMONVATE |
| U.S. Trademark Reg. No. 2,680,543 | CAROTIS |
| U.S. Trademark Reg. No. 3,131,582 | IKB |
| U.S. Trademark Reg. No. 2,839,374 | FAIR & WHITE |
| U.S. Trademark Reg. No. 2,497,918 | PARIS FAIR & WHITE |
| N.Y. State Trademark Reg. No. R-29637 | LEXUS OF ENGLAND |

(collectively, "Marks"); and

WHEREAS Mitchell asserted claims of infringement and counterfeiting against various retailers arising from the retailers' alleged sale of counterfeit and materially different goods bearing the Marks, which claims are currently pending before the United States District Court for the Eastern District of New York, in the following civil actions:

*Mitchell Group USA LLC, et al. v. ABC Corp., et al.*,
Case No. 09-cv-1235-ARR

*Mitchell Group USA LLC, et al. v. New MAHA Beauty Supply Inc., et al.*,
Case No. 09-cv-1236-ARR

*Mitchell Group USA LLC, et al. v. Neo Mimi, Inc., et al.*,
Case No. 09-cv-1237-ARR

*Mitchell Group USA LLC, et al. v. Neo Beauty Supply, Inc., et al.*,
Case No. 09-cv-1239-ARR

*Mitchell Group USA LLC, et al. v. New Ocean Beauty Supply, Inc., et al.*,
Case No. 09-cv-1240-ARR

(the "Civil Actions"); and

WHEREAS Beauty & Cosmetic Network Corp., having a business location at 35-37 36 Street, Long Island City, New York 11106; and Beauty & New King Inc., having a business location at 14-20B 129 Street, College Point, New York 11356 (each a "Supplier," and collectively, "Suppliers") are defendants in the Civil Actions; and

WHEREAS the Parties have reached an agreement in principle to resolve their dispute on mutually acceptable terms and are desirous of formally memorializing such resolution;

NOW, THEREFORE, in consideration of the recitations, mutual promises and covenants set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties agree as follows:

1. **Permanent Injunction and Liquidated Damages.**

(a) Except with regard to goods obtained directly from Mitchell or Mitchell's authorized distributor(s), Suppliers, including their principals, agents, employees, and affiliates, shall immediately and permanently cease and desist from using on or in connection with the importation, sale, offering for sale, distribution, and advertising of goods bearing the Marks or any other similar marks or symbols which are confusingly or deceptively similar to, or colorably imitative of the Marks and trade dress, and shall not assist others in doing so.

(b) The Parties acknowledge and agree that any breach by a Supplier of the conditions and requirements set forth in paragraph 1(a) of this Agreement would be a material breach of this Agreement. The Parties further understand and agree that the damages from any breach by a Supplier of paragraph 1(a), while substantial, would be impossible to calculate or quantify due to the impact of such breach on the goodwill associated with the Marks. Thus, in lieu of any other remedies for monetary damages to which Mitchell may be entitled under the law for such breach of this Agreement, if proven by a preponderance of evidence based upon competent record evidence, the Parties agree that the breaching Supplier will be liable to Mitchell, without the necessity of proof of damage, for liquidated damages in the amount of $20.00 for each and every infringing unit by the breaching Supplier in violation of paragraph 1(a) of this Settlement Agreement. Furthermore, the Parties acknowledge and agree that any such breach of paragraph 1(a) of this Agreement by Suppliers would cause irreparable harm and continuing damage to Mitchell, for which there is no adequate remedy at law, and for which Mitchell is entitled to immediate and further injunctive relief upon application to the United States District Court for the Eastern District of New York, in which Court Suppliers stipulate to be subject to personal jurisdiction. The Parties agree that in the event of a proceeding to enforce the Settlement Agreement the Court shall award the prevailing party its reasonable attorney's fees incurred in

the enforcement proceeding, as well as costs, including but not limited to expert and investigator's fees.

2. **Remaining Inventory.**

(a) Within ten (10) business days of the Effective Date of this Agreement, Supplier shall surrender to Mitchell their remaining inventory of all counterfeit and materially different goods bearing the Marks that remain in their possession. Goods surrendered to Mitchell pursuant to this subsection shall be forwarded to Mitchell, at Suppliers' sole expense and via a trackable delivery service to the address set forth in paragraph 14 of this Agreement.

(b) Notwithstanding subsection (a), if a Supplier has no counterfeit or materially different goods bearing the Marks left in its possession, that Supplier shall attach to this Agreement as Exhibit A a declaration in compliance with subsection (c) of this section signed by an authorized representative of that Supplier that no counterfeit or materially different goods bearing the Marks remain in that Supplier's possession.

(c) The declaration supplied pursuant to subsection (b) of this section shall contain the following statement in compliance with 28 U.S.C. § 1746, and signed by an authorized representative of that Supplier:

> "I, _____, [insert title], am an authorized representative of [Supplier] and declare under pains and penalty of perjury, that the foregoing is true and correct. Executed on [date]. [Signature]."

3. **Acknowledgement of Rights.** Suppliers acknowledge the validity of the Marks, and the value of the goodwill represented by the Marks.

4. **Mutual Release.** (a) Upon execution of this Agreement, Mitchell, on behalf of itself and its subsidiaries, affiliates, officers, directors, and employees, releases Suppliers, including their principals, officers, directors, and employees, from any and all known claims, demands, debts, liabilities, obligations, causes of action, suits and costs, that Mitchell asserted or could have asserted in connection with the Civil Actions.

(b) Upon execution of this Agreement, Suppliers, on behalf of themselves and their subsidiaries, affiliates, officers, directors, and employees, hereby release Mitchell, and its subsidiaries, affiliates, officers, directors, and employees, from any and all known claims, demands, debts, liabilities, obligations, causes of action, suits and costs, that Suppliers, either individually or collectively, asserted or could have asserted in connection with the Civil Actions.

(c) Nothing in this Agreement shall be construed as a release of claims for breach of this Agreement, or for conduct occuring after execution of this Agreement.

5. **Disposition of the Civil Actions.** Contemporaneously with their execution of this Agreement, the Parties shall cause their counsel of record in the Civil Actions to sign, for each action, a Stipulation of Dismissal With Prejudice ("Stipulation") in the form of the documents

attached hereto as Exhibits B-F. Counsel for Mitchell shall be responsible for filing the fully executed Stipulations with the Court.

6. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties hereto with respect to the subject matter of this Agreement. This written document supersedes any prior agreements, understandings, communications, discussions, or negotiations. Each party to this Agreement expressly warrants and represents that no promise or inducement has been offered except as set forth herein and that this Agreement is executed without reliance on any statement or representation of any kind, except as set forth herein, of any Party or their representatives.

7. **Negotiated Document.** Each Party to this Agreement represents that it has carefully read this Agreement and knows and understands the contents hereof, that it has signed this Agreement as its own free act without any duress, coercion or undue influence by or on behalf of any other party, and that is has had the benefit of counsel of its own choice or has been afforded the opportunity to obtain counsel in connection with the negotiation and execution of this Agreement.

8. **Modification.** This Agreement shall not be modified by any Party by oral representation made before or after the execution of this Agreement. Any modification must be in writing and signed by the Party against whom such modification is sought to be enforced.

9. **Construction.** This Agreement, or any portion thereof, shall not be construed against the Party who initially prepared it, but shall be construed as if all Parties jointly prepared each and every part thereof, and any uncertainty or ambiguity shall not be interpreted to the detriment of any Party on such basis.

10. **Choice of Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York without giving effect to New York choice of law rules, and any litigation pertaining to this Agreement shall be conducted in the State and Federal Courts of New York, Kings County.

11. **No Admission.** This Agreement effects a settlement of claims which are contested and denied. Nothing herein shall be construed as an admission by any Party of any liability of any kind to the other Party. This Agreement shall not be admissible as evidence in any proceeding other than in a proceeding to enforce an obligation of any Party hereunder.

12. **All Acts Necessary.** The Parties, at their own expense, shall execute and deliver all documents and perform all further acts that may be deemed reasonably necessary to give effect to the terms of this Agreement.

13. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties and their respective legal representatives, affiliates, subsidiaries, parent corporations, officers, directors, shareholders, beneficiaries, heirs, devisees, successors, licensees, assigns, agents, servants, employees, and attorneys, if any.

14. **Notice.** Any payments or other notices pertaining to this Agreement shall be sent to the following persons associated with each Party:

For Mitchell:

> Matthew C. Wagner
> COLLEN IP, Intellectual Property Law, P.C.
> The Holyoke-Manhattan Building
> 80 South Highland Avenue
> Ossining, New York 10562

For Suppliers:

> Michael J. Ioannou
> Ioannou & Ioannou, LLP
> 11125 N.W. 124th Street
> Medley, Florida 33178
> Tel. (305) 885-1397
> Fax. (305) 885-1398

15. **Severability.** If one or more of the provisions of this Agreement is held invalid, illegal, or unenforceable, the remaining provisions shall not in any way be affected or impaired thereby. In the event any provision is held invalid, illegal or unenforceable, the parties (and if necessary, a Court) shall use reasonable efforts to substitute a valid, legal and enforceable provision which, insofar as is practical, implements the purposes of the section held invalid, illegal or unenforceable.

16. **Counterparts and Facsimile.** This Agreement may be executed by facsimile and in separate counterparts, each of which shall be considered an original but all of which together shall constitute one agreement.

17. **Warrant of Authority.** Each Party represents and warrants that the undersigned has full power and authority to enter into this Agreement and to bind itself to all its terms.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below.

Mitchell Group USA LLC
Mitchell Cosmetics, Inc.
Gapardis Health and Beauty, Inc.
Choice of Nature, Limited

_____
(Signature)

PRASHANT DESHMUKH
(Name)

DIRECTOR
(Title)

04/30/10
(Date)

Beauty & Cosmetic Network Corp.

_____
(Signature)

JOHN BAE KANG
(Name)

Officer
(Title)

4/27/10
(Date)

Beauty & New King, Inc.

_____
(Signature)

JOHN BAE KANG
(Name)

Officer
(Title)

4/27/10
(Date)

# EXHIBIT A

(Declaration(s))

# EXHIBIT B

(Stipulation and Order: 09-cv-1239)

INTENTIONALLY OMITTED

# EXHIBIT C

(Stipulation and Order: 09-cv-1240)

INTENTIONALLY OMITTED

# EXHIBIT D

(Stipulation and Order: 09-cv-1236)

INTENTIONALLY OMITTED

# EXHIBIT E

(Stipulation and Order: 09-cv-1237)

INTENTIONALLY OMITTED

# EXHIBIT F

(Stipulation and Order: 09-cv-1235)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mitchell Group USA LLC,<br>Gapardis Health and Beauty, Inc.,<br>Choice of Nature, Limited,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>ABC Corporation,<br>Beauty & Cosmetic Network Corp.,<br>Beauty & New King, Inc.,<br><br>　　　　　　Defendants. | Civil Action No.: 09-cv-1235<br><br>Judge: Ross<br><br>Magistrate: Azrack |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiffs and Defendants Beauty & Cosmetic Network Corp. and Beauty & New King, Inc. (the "Parties"), through their respective attorneys of record, hereby stipulate and agree as follows:

1. Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, the Parties, pursuant to a Settlement Agreement between them, hereby stipulate to voluntarily dismiss the Complaint, and all claims asserted therein as between the Parties, with prejudice.

2. Each party will bear its own costs and attorneys fees.

3. The Court shall retain jurisdiction over the Parties and the subject matter of this action for purposes of enforcing the Settlement Agreement.

4.    The Parties will file the attached Proposed Order of Dismissal Pursuant to Settlement Agreement.

Dated: Ossining, New York
       April ___, 2010

COLLEN IP
*Attorneys for Plaintiffs Mitchell Group USA LLC, Gapardis Health and Beauty, Inc., and Choice of Nature, Limited*

By: _____
Matthew C. Wagner (MW 9432)
Jess M. Collen (JC 2875)
Thomas P. Gulick (TG 5602)
80 South Highland Avenue
Ossining, New York 10562
Tel. (914) 941-5668
Fax (914) 941-6091

Dated: New York, New York
       April ___, 2010

IOANNOU & IOANNOU, LLP
*Attorneys for Defendants Beauty & Cosmetic Network Corp., and Beauty & New King Inc.*

By: _____
Michael J. Ioannou
11125 N.W. 124th Street
Medley, Florida 33178
Ph: (305) 885-1397
Fax: (305) 885-1398

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mitchell Group USA LLC,<br>Gapardis Health and Beauty, Inc.,<br>Choice of Nature, Limited,<br><br>          Plaintiffs,<br><br>   v.<br><br>ABC Corporation,<br>Beauty & Cosmetic Network Corp.,<br>Beauty & New King, Inc.,<br><br>          Defendants. | Civil Action No.: 09-cv-1235<br><br>Judge: Ross<br><br>Magistrate: Azrack |

### PROPOSED ORDER OF DISMISSAL
### PURSUANT TO SETTLEMENT AGREEMENT

Based on Plaintiffs' and Defendants Beauty & Cosmetic Network Corp. and Beauty & New King, Inc.'s (the "Parties") representation that this case has been settled, it is hereby

ORDERED, ADJUDGED, and DECREED:

1. This case, as between the Parties, is dismissed with prejudice, each party to bear its own costs and fees, except as reflected in the Settlement Agreement; and

2. The Court retains jurisdiction over the Parties and the subject matter of this action for purposes of enforcing the Settlement Agreement.

SO ORDERED this _____ day of _____, 2010.

_____
United States District Judge